

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDRE FILLMORE, | § § § | |
| Plaintiff, | § | |
| vs. | § | C.A. No. 4:17-cv-00746 -A |
| | § | |
| LIBERTY INSURANCE CORPORATION, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Andre Fillmore ("Mr. Fillmore"), Plaintiff herein, files this Amended Complaint against Defendant Liberty Insurance Corporation ("Liberty") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.  Andre Fillmore is a Texas resident who resides in Tarrant County, Texas.

2.  Liberty is an insurance company doing business in the State of Texas and has already been served in this matter.

### II.
### JURISDICTION AND VENUE

3.  This court has subject matter jurisdiction of this cause of action pursuant to 28 US.C. § 1332.

4.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas, Fort Worth Division.

## III.
## FACTUAL BACKGROUND

5. Mr. Fillmore resides in a home located at 9082 Rushing River, Fort Worth, Texas 76118-7736. He is a named insured under a property insurance policy issued by Liberty, Policy No. H37-29B-230401-40, effective July 31, 2015 through July 31, 2016.

6. On or about March 17, 2016 a severe hail storm producing baseball, golf ball and egg shaped hail in some areas along with high winds struck Fort Worth, Texas. Multiple media sources report that the first severe thunderstorm moved through the Fort Worth area just after 4:00 a.m. local time with a second storm following around 7:00 a.m. The storm damaged Mr. Fillmore's home, namely the roof, soft metal vent caps on the roof, and the fence surrounding Mr. Fillmore's property.

7. Mr. Fillmore subsequently filed a claim on his insurance policy, Claim No. 035501831-01.

8. On or about May 14, 2017, Liberty adjuster Matt Widick inspected Plaintiff's residence. Widick conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages that he did observe and document during the inspection.

9. For example, after inspecting, documenting annd photographing Plaintiff's residence, Adjuster Widick misrepresented Plaintiff's damage in a letter dated May 14, 2017. In the letter, Widick claimed that damage to Plaintiff's property was so minimal as to not exceed "[Plaintiff's policy deductible" of $1,741.00. Widick's May 14th letter also appeared to claim that the damage to Plaintiff's home was prior damage and wear or tear. Widick's letter does not clarify which damages are wind or hail related damages, how Widick concluded that some of the damage

was wear or tear related or prior storm damage, or how Widick concluded that some storm prior to the policy period caused damage to Plaintiff's home.

10. Even more alarming, Widick refused to replace the severly damaged roof, and instead, Widick wrote an estimate on May 14, 2017 to remove and patch 50 individual shingles at a cost of only $247.50. In some areas, Plaintiff's shingles had been completely blown off the roof. Widick's estimate did not even account for clear damage to Plaintiff's fence or soft metals.

11. Despite the significant damge to Plaintiff's roof, soft metals and fence, Widick wrote an estimate for only $1,010.18, well below the deductible of $1,741.00.

12. Frustrated with the outcome of the claim and the obvious damage to his roof, Mr. Fillmore attempted to work with Liberty to reevaluate the damages to his property. Liberty refused to change their position or explain their findings.

13. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

14. Moreover, Liberty performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## IV.
## CAUSES OF ACTION

15. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

16. Liberty had a contract of insurance with Plaintiff. Liberty breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.**     **Prompt Payment of Claims Statute**

17.    The failure of Liberty to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

18.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.**     **Bad Faith/Deceptive Trade Practices Act ("DTPA")**

19.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

20.    Defendant violated Section 541.051 of the Texas Insurance Code by:

   (1)    making statements misrepresenting the terms and/or benefits of the policy.

21.    Defendant violated Section 541.060 by:

   (1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   (3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   (4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

22. Defendant violated Section 541.061 by:

    (1) making an untrue statement of material fact;

    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4) making a material misstatement of law; and

    (5) failing to disclose a matter required by law to be disclosed.

23. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

24. Defendant has violated the Texas DTPA in the following respects:

    (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2) Liberty failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    (3) Liberty, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Liberty took advantage of Plaintiff's lack of knowledge, ability,

experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

25. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

26. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**V.**
**CONDITIONS PRECEDENT**

29. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

**VI.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Andre Fillmore prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be

established by a preponderance of the evidence, and that Mr. Fillmore be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Fillmore may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: _____
Richard D. Daly
TBA No. 00796429
David L. Bergen
TBA No. 24097371
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax
rdaly@dalyblack.com
dbergen@dalyblack.com
**ATTORNEYS FOR PLAINTIFF**

*-And-*

**MACKIE WOLF ZIENTZ & MANN, P.C.**

By: _____
Stephen Wu
State Bar No. 24042396
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 722-5184 Direct
(214) 635-2686 Fax
swu@mwzmlaw.com
**LOCAL COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2017, a true and correct copy of the forgoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

Mark D. Tillman
Tillman Batchelor LLP
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Mark.tillman@tb-llp.com

**ATTORNEY FOR DEFENDANT**

David L. Bergen